UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY X. KELLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVID BREWER,<br><br>　　　　Respondent. | No. 2:22-cv-01777-KJM-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former federal prisoner proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. The filing fee has been paid for this action.

I.　　**Factual and Procedural Background**

Petitioner challenges the execution of his sentence and contends that the Bureau of Prisons failed to properly calculate his release date pursuant to the First Step Act. According to petitioner's habeas application, he was sentenced to a year and one day beginning on June 30, 2021. ECF No. 1 at 2. He was released from FCI-Herlong on February 9, 2022. ECF No. 1 at 2. Based on the First Step Act, petitioner asserts that he should have been released 30 days earlier, even using the Bureau of Prisons' own calculations. Id. Petitioner calculates that he served an extra 44 days in prison based on the BOP's failure to award him the correct amount of First Step Act credits. Id. By way of relief, petitioner "asks this court to apply his missing First Step Act

credit to his current parole and to hold a hearing on monetary compensation for the extra time served."[1] Id. at 3.

Petitioner acknowledges that he filed a prior § 2241 petition raising this same challenge. ECF No. 1 at 1; see also Kelley v. Thompson, et al., Case No. 2:21-cv-01813-JAM-KJN (E.D. Cal.) (hereinafter referred to as "Kelly I"). He contends that this prior habeas petition was incorrectly decided. ECF No. 1 at 1. Although petitioner appealed the denial of his first § 2241 petition, it was dismissed on November 15, 2022 for failure to prosecute. See Kelley I, at ECF No. 23.

## II. Legal Standards

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Title 28 U.S.C. § 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This bar on successive habeas actions has been found to include Section 2241 petitions. See Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (refusing to apply bar on successive § 2241 petitions to a challenge to a Board of Immigration Appeals' decision); Valona v. United States, 138 F.3d 693, 694-95 (7th Cir. 1998) (recognizing that Section 2244(a) applies to prevent successive § 2241 petitions); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (barring as successive a § 2241 petition raising a repetitive challenge to the application of time credits in the administrative calculation of a federal prisoner's sentence).

////

////

////

---

[1] Petitioner is advised that monetary compensation is not an available remedy in a habeas corpus proceeding.

### III. Analysis

In this case, it plainly appears from petitioner's § 2241 application that the legality of his detention has previously been determined by a district court judge.[2] The undersigned finds that the current § 2241 application is a successive petition because the same claims have been previously raised and rejected. Therefore, after conducting a preliminary examination of petitioner's § 2241 application, the court concludes that he is not entitled to the relief requested and the instant habeas petition should be dismissed with prejudice as a successive habeas application. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 (allowing a district court to "apply any or all of these rules" to other types of habeas corpus actions); Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (requiring a preliminary review of a habeas corpus action).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's successive application for a writ of habeas corpus be summarily dismissed with prejudice pursuant to 28 U.S.C. § 2244(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kell1777.summdismiss.docx

---

[2] This court takes judicial notice of petitioner's prior § 2241 petition filed in this district. See Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

3