UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY X. KELLEY,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BREWER,<br><br>    Respondent. | No.  2:22-cv-01777-DJC-CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal inmate, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On January 4, 2023, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days.  ECF No. 8.  Respondent filed a motion to dismiss on March 3, 2023 and petitioner filed an opposition.  ECF Nos. 11, 12.  For the reasons explained below, the undersigned recommends granting respondent's motion, in part, and denying it in part.

**I.    Factual and Procedural History**

A review of the docket from the Western District of Washington, of which this court takes judicial notice, indicates that on December 20, 2017, a jury found petitioner guilty of possession and concealment of stolen property, two counts of making a false declaration, and five counts of

////

////

filing false income tax returns.[1]  See United States v. Kelley, No. 3:15-cr-05198-BHS-1 (W.D. Wash.) at ECF No. 556 (hereinafter "Kelley").  On June 29, 2018, petitioner was sentenced to twelve months and one day of incarceration followed by a term of supervised release.  See Kelley, No. 3:15-cr-05198-BHS-1 (W.D. Wash.) at ECF No. 656 (Judgment).  Petitioner appealed his conviction and was granted bail during the pendency of his appeal.  See Kelley, at ECF No. 685.  On July 29, 2020, the Ninth Circuit Court of Appeals affirmed the judgment.  See Kelley, at ECF No. 715.  Petitioner filed a petition for writ of certiorari in the Supreme Court in February 2021 and it was denied on March 22, 2021.  See Kelley, at ECF No. 719-720.  Petitioner self-surrendered to the Bureau of Prisons to serve his sentence on June 30, 2021.  See Kelley, at ECF No. 726.  He filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 on July 1, 2021.  See Kelley, at ECF No. 727.  The sentencing court denied this motion on September 21, 2022.  See Kelley v. United States, No. 3:21-cv-05476-RSM (W.D. Wash.) at ECF No. 37.   The Ninth Circuit denied petitioner's certificate of appealability on February 17, 2023.  See Kelley v. United States, No. 3:21-cv-05476-RSM (W.D. Wash.) at ECF No.

While pursuing post-conviction relief in the sentencing court, petitioner filed his first § 2241 petition challenging the BOP's failure to award him First Step Act credits on September 25, 2021 in this district where he was confined.[2]  See Kelley v. Thompson, et al., No. 2:21-cv-01813-JAM-KJN (E.D. Cal.) (hereinafter "Kelley I").  The petition was dismissed on March 30, 2022 on the grounds that the claims were not yet ripe for judicial review.  See Kelley I, at ECF No. 16 (Order adopting Findings and Recommendations).  Following the denial of his motion for reconsideration, petitioner appealed the denial of habeas relief to the Ninth Circuit Court of Appeals.  See Kelley I, at ECF No. 20.  However, this appeal was dismissed on November 15, 2022 based on petitioner's failure to prosecute it.  See Kelley I, at ECF No. 23.

---

[1] A court may take judicial notice of court records.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] The filing date of this petition was calculated using the prison mailbox rule because petitioner was in custody.  See Houston v. Lack, 487 U.S. 266 (1988).

On October 7, 2022, petitioner filed the instant § 2241 petition that is almost identical to the habeas petition filed in Kelley I.³ In the present habeas application, petitioner once again challenges the Bureau of Prison's calculation of his earned time credits under the First Step Act of 2018. ECF No. 1. Petitioner acknowledges being released from confinement on February 9, 2022. ECF No. 1 at 2. He spent an additional 9 days at a halfway house and was released on parole on February 18, 2022. ECF No. 1 at 2. Based on his calculations, petitioner asserts that he should have been released as early as January 14, 2022, or at the latest, by January 21, 2022. Id. By way of relief, petitioner "asks this court to apply his missing First Step Act credit to his current parole and to hold a hearing on monetary compensation for the extra time served." ECF No. 1 at 3.

In a motion to dismiss filed on March 3, 2023, respondent contends that this court lacks jurisdiction because petitioner was no longer in custody at the time that he filed the § 2241 petition.⁴ Respondent also submits evidence that petitioner's term of supervised release ended on February 17, 2023. ECF No. 11-1 at 3. Based on this evidence, respondent argues that there is no ongoing case or controversy for the court to adjudicate because petitioner's sentence has fully expired; petitioner's claims are moot because "this former court-of-custody cannot, even if it had jurisdiction, provide relief demanded via Petitioner's § 2241 prayer." ECF No. 11 at 4. Alternatively, respondent submits that petitioner has failed to exhaust his administrative remedies within BOP resulting in a lack of standing to challenge the administrative decision. ECF No. 11 at 5.

By way of opposition, petitioner argues that there are ongoing collateral consequences

---

³ In fact, petitioner incorporated his prior petition into his pending § 2241 application. See ECF No. 1 at 4-11.

⁴ Respondent also suggests, in a footnote, that this petition should have been summarily dismissed by the court without requiring a response because it plainly appeared from the face of the pleading that petitioner was not in BOP custody. However, at the time of filing, petitioner was still on supervised release. See Jones v. Cunningham, 371 U.S. 236 (1963) (finding that petitioner's placement on parole was sufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2241); see also Spencer v. Kemna, 523 U.S. 1 (1998) (explaining that the parallel "in custody" requirement of 28 U.S.C. § 2254 applies at the time the petition was filed). Therefore, any summary dismissal based on the "in custody" requirement would have been reversible error.

resulting from his sentence including being restrained from "free travel and ownership of a weapon." ECF No. 12 at 2. Petitioner acknowledges that any remedy at this juncture is problematic as "he cannot be released after the fact." ECF No. 12 at 2. Instead, petitioner seeks to backdoor a challenge to his sentence by asking this court to reduce his sentence "to any amount under one year: eleven months would be appropriate…." Id. at 3. In the alternative, petitioner seeks declaratory relief that his release date should have been January 21, 2022 under the First Step Act. Id.

Respondent did not file a reply and the time to do so has expired.

## II. Analysis

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

In this case, petitioner was released from confinement prior to filing the instant § 2241 petition. He has now also completed his period of supervised release. Therefore, his sentence has fully expired. As a result, there is nothing capable of being redressed by a favorable judicial decision because the BOP has already calculated his FSA credits and released him. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that "[o]nce

the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained."). Petitioner asserts that he is prohibited from owning a weapon and cannot travel freely (presumably while on supervised release), as collateral consequences. However, these stem from his felony convictions in the Western District of Washington. They are not the result of BOP's calculation of his FSA credits. Compare Carafas v. LaVallee, 391 U.S. 234, 237 (1968) (focusing on the collateral consequences flowing from petitioner's criminal conviction to avoid mootness because he was collaterally challenging the same conviction via a habeas petition). In fact, the Ninth Circuit Court of Appeals explained the mootness problem in challenging administrative actions in Nonnette v. Small, 316 F.3d 872, 876 (2002). If a plaintiff in a 42 U.S.C. § 1983 action "now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking." Petitioner's challenges to the BOP's administrative calculation of his FSA credits and release date are similarly moot. To the extent that petitioner requests a declaratory judgment that his release date should have been January 21, 2022, this is simply not an available remedy in this habeas corpus proceeding. As Justice Scalia noted, courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer v. Kemna, 523 U.S. 1, 7 (1996). Therefore, the undersigned recommends granting respondent's motion to dismiss on the grounds that the § 2241 petition is moot.[5]

### III.   Plain Language Summary for Pro Se Parties

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing your habeas petition and the motion to dismiss, the undersigned

---

[5] In light of this recommendation and in the interests of judicial economy, the undersigned finds it unnecessary to address the remaining ground raised in respondent's motion to dismiss based on petitioner's failure to exhaust his administrative remedies.

recommends granting respondent's motion to dismiss because your release from confinement renders the case or controversy moot.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the matter and issue a final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be denied as frivolous to the extent that it argues that the court lacks jurisdiction because petitioner was not in custody at the time of filing.
2. The motion to dismiss be granted on the grounds of mootness.
3. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kell1777.2241.moot